OWENSBORO WAGON CO. v. SAN ANTONIO TIE & LUMBER CO.
(No. 5919.)

(Court of Civil Appeals of Texas.    San Antonio.
Dec. 5, 1917.    Rehearing Denied
Jan. 9, 1918.)

1. TRIAL ⬅26—INTRODUCTION OF EVIDENCE
—POSTPONEMENT.

Refusal to postpone a civil trial for a reasonable time to enable plaintiff to find a misplaced deposition and introduce it in evidence was within the sound discretion of the court under Vernon's Sayles' Ann. Civ. St. 1914, art. 1952, providing that the court in its discretion may, at any time before the conclusion of the argument where it appears to be necessary to the due administration of justice, allow a party to supply an omission in testimony on such terms as it may prescribe.

2. DEPOSITIONS ⬅85—INTRODUCTION OF EVIDENCE—DISCRETION:

Refusal of the court to allow plaintiff's attorney to introduce in evidence a carbon copy of a deposition alleged to have been misplaced was within the sound discretion of the court under Vernon's Sayles' Ann. Civ. St. 1914, art. 1952, authorizing the court at its discretion to allow a party to supply an omission in testimony on such terms as it may prescribe.

3. PARTNERSHIP ⬅217(3) — ACTIONS — EVIDENCE.

In an action for the purchase price of wagons sold to a partnership, evidence *held* insufficient to show delivery and receipt by the partnership.

Appeal from Bexar County Court for Civil Cases;  J. H. Clark, Judge.

───

Action by the Owensboro Wagon Company against the San Antonio Tie & Lumber Company. Judgment for defendant and plaintiff appeals. Affirmed.

Emmett B. Cocke and C. J. Matthews, both of San Antonio, for appellant. Gordon Bullitt, of San Antonio, for appellee.

SWEARINGEN, J. This is a suit by appellant, the Owensboro Wagon Company, to recover the reasonable value of two wagons ordered and received by appellee, the San Antonio Tie & Lumber Company, a partnership composed of Joe L. Hill, J. M. Dobie, and Wm. A. Frisby. The court instructed a verdict in favor of the defendants J. M. Dobie and J. L. Hill, and in favor of the appellant against the defendant Wm. A. Frisby.

The petition alleged that the wagons were ordered by the San Antonio Tie & Lumber Company, a partnership of members designated; that the wagons were shipped as ordered; that they were received by the partnership and were appropriated to the use of either the partnership or the individual use of the manager of the company, W. A' Frisby; that the reasonable value of the wagons was $248.16, plus $29.88 freight charges, paid by appellant. J. M. Dobie and Joe L. Hill denied that the wagons were ordered or received by the partnership.

The undisputed evidence shows that Dobie, Hill, and Frisby were a trading partnership, and Frisby was manager at the tie mills for the partnership; that he did order the two wagons shipped to the partnership; that the wagons were shipped to the partnership in pursuance with the order; that their reasonable value was $248.16, plus the freight. Whether the wagons were delivered to and received by the partnership, or whether they were refused by the partnership before delivery and were diverted by appellee to Frisby individually, is the issue of fact contended for by appellant in its third and fourth assignments, and will be further mentioned by us in considering those assignments.

[1] The first assignment complains of the court's refusal to postpone for a reasonable time the submission of this case to the jury, in order to enable the plaintiff to find a misplaced deposition and introduce same in evidence, both sides having announced the preceding evening that they had no further testimony.

[2] The second assignment complains that the court refused to allow plaintiff's attorney to introduce in evidence what he claimed was a carbon copy of the depositions.

Both questions were within the discretion of the court, and, because we are unauthorized to find as a matter of law that this discretion was abused, we overrule the first and second assignments. Vernon's Sayles'

Texas Civil Statutes, art. 1952, and citations thereunder.

[3] The remaining assignments contend that the court erroneously instructed the verdict in favor of J. M. Dobie and Joe L. Hill. We think the undisputed evidence shows that the appellant was notified by the partnership, through its agent, that the wagons would not be received, and that this refusal was acquiesced in by the appellant, and it authorized W. A. Frisby to take possession of the wagons either for appellees or for himself individually. From this we think that the allegation of appellant that the wagons were delivered to and received by the partnership was not sustained by any evidence, in fact, the evidence was to the contrary, and it was undisputed. This evidence is the letter written by Frisby, the agent of the partnership, refusing to receive the wagons for the partnership and submitting an offer to receive them for himself individually, and the reply thereto acquiescing in the partnership's refusal to receive the wagons and making a conditional offer to sell to Frisby for his individual use. There was no condition about the instruction for Frisby in his individual capacity to receive the wagons. As there was no evidence to sustain the material allegation that the partnership had received the wagons, the court properly instructed the jury to return a verdict in favor of the partners, Dobie and Hill. The third and fourth assignments are overruled.

The judgment is affirmed.

FLY, C. J., entered his disqualification in this case.